BISHOP, P. J.
 

 The plaintiff, a broker, was given an exclusive right to sell eight lots belonging to the defendant during a period ending September 2. The listing agreement that gave him that right further provided that if a sale was made by October 2 to a party with whom the plaintiff had negotiated before September 2, plaintiff was to receive a commission on the sale. Prior to September 2 a buyer was found by the plaintiff for three of the lots, and plaintiff was paid the commission due it for having procured a ready, willing and able purchaser of the three. The purchaser was not able to buy the remaining five lots on terms satisfactory to the defendant, and October 2 passed without a sale. On November 8, however, the purchaser bought the five remaining lots from the defendant.
 

 The facts so far related do not support the judgment awarding the plaintiff $2,200.
 
 (Ridgway
 
 v.
 
 Chase
 
 (1954), 122 Cal.App.2d 840, 847 [265 P.2d 603, 607].) This seems obviously so, and as we understand the position of the parties and of the trial judge, none of them contends that the judgment is to be supported upon the facts related up to this point. If the plaintiff has a cause of action, it is because of this provision inserted, irrelevantly, but validly for all that, in the escrow instructions under which the sale of the three lots was carried out; “As a matter of record only in this escrow ... it is understood buyer is to have first refusal on [the remaining five lots] for a period of forty-eight hours, in event seller receives a bona fide offer to seller, and should buyer take any or all of lots, he must meet same price and terms as the offer ...”
 

 The trial court interpreted this provision as giving the buyer—plaintiff’s purchaser—an option to purchase. With this as a premise, the case of
 
 Zinn
 
 v.
 
 Ex-Cell-O Corp.
 
 (1944), 24 Cal.2d 290, 295 [149 P.2d 177, 180], was properly held to apply, warranting a judgment in plaintiff’s favor. The terms employed, however, did not give the buyer an outright option, that is, a present right to purchase the property at his pleasure, but rather a right that would arise only in the
 
 *936
 
 event someone made a bona fide offer to the defendant, that was acceptable to him.
 
 (Falkenstein
 
 v.
 
 Popper
 
 (1947), 81 Cal.App.2d 131, 135-137 [183 P.2d 707, 709].) We need not determine in this ease whether the plaintiff would have been entitled to his commission, under the principle of
 
 Zinn
 
 v.
 
 Ex-Cell-O Corp., supra,
 
 had someone made such an offer, and thereupon the purchaser produced by the plaintiff exercised his right to the “first refusal.” No offer, other than that of the purchaser himself, was ever made, and that was not made under any right conferred upon him. (See 12 C.J.S. p. 199, § 86.) We see no tenable theory on which the plaintiff has a better claim to a commission under the facts of this ease, for the sale of the five lots to the purchaser of the three, than he would have had had the escrow not contained the provision quoted above. That, as we have already noted, is no valid claim at all.
 

 The judgment is reversed.
 

 Patrosso, J., and Swain, J., concurred.